Opinión concurrente emitida por
la Juez Asociada Señora Rodríguez Rodríguez.
El resultado al que arriba hoy el Tribunal es correcto, pues las declaraciones juradas de los agentes encubiertos que presenciaron las alegadas transacciones ilegales del caso de autos, no debían ser excluidas de la evidencia que pretendía presentar el Ministerio Público. No obstante, de-bido a que el razonamiento expuesto por el Tribunal con-tiene serias deficiencias, me veo forzada a emitir una opi-nión concurrente.
I
Los hechos que generan el presente recurso de certiorari son sencillos. Durante la mañana del 3 de abril de 2008, tres agentes encubiertos realizaron una investigación en la que alegadamente participaron de una transacción de venta de sustancias controladas con los Sres. José Garay López, Leonardo de Jesús Valentín y Edgar Alvarez Pérez (los peticionarios). Posteriormente, el 8 de abril, los agen-tes encubiertos se reunieron con el fiscal Miguel A. López Birriel para prestar declaraciones juradas en las que rela-taron los hechos que podrían configurar varios actos ilegales. Todo ello culminó con la presentación de denun-cias contra los peticionarios por la comisión de varios deli- *804 tos, incluyendo algunos en violación de la Ley de Sustan-cias Controladas de Puerto Rico. 24 L.P.R.A. sec. 2101 et seq.
En la celebración de la vista preliminar, el Ministerio Público presentó en evidencia las declaraciones prestadas por los tres agentes encubiertos, sin embargo, la defensa objetó. Su fundamento fue el incumplimiento del Artículo 523 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2523, el cual requiere que en aquellas instan-cias en que agentes encubiertos intervengan en transaccio-nes de venta de sustancias controladas, estos presten una declaración jurada ante un fiscal dentro de las próximas 120 horas. La defensa alegó que no se habían hecho decla-raciones juradas dentro del término exigido por el Artículo 523 porque las únicas que existían —y que el Ministerio Público deseaba utilizar— eran nulas debido a que adole-cían de defectos no subsanables al amparo de la Ley Notarial de Puerto Rico. 4 L.P.R.A. see. 2001 et seq. En dos de ellas los supuestos defectos consistían en la omisión de la firma del fiscal, mientras que la tercera no contenía la fe-cha en que se preparó. Sostuvo la defensa que entonces procedía excluir de la evidencia las referidas declaraciones juradas, según ordena el propio Artículo 523.
Por su parte, el Ministerio Público presentó el testimo-nio del fiscal López Birriel, quien narró los detalles de la toma de las declaraciones juradas a los tres agentes encu-biertos el día 8 de abril de 2008. Asimismo, se presentó copia certificada del Registro de Declaraciones Juradas y del Informe Mensual de Declaraciones Juradas del fiscal López Birriel, los cuales corroboraban que este había to-mado las referidas declaraciones dicho día.
Tras escuchar los argumentos de las partes, el Tribunal de Primera Instancia acogió la postura de los peticionarios y excluyó de la evidencia las declaraciones juradas. Mas tras la interposición de un recurso de certiorari por el Es-tado ante el Tribunal de Apelaciones, este revoco la deter-minación recurrida y concluyó que las declaraciones jura- *805 das debían ser admitidas en evidencia. Inconformes, los peticionarios presentaron el recurso de autos ante esta Curia. Nuevamente, alegan que la Ley Notarial rige las formalidades de las declaraciones juradas que toman los fiscales del Departamento de Justicia. Por ello, estiman que las declaraciones juradas que presentó el Estado en la vista preliminar sufren defectos no subsanables que las hacen nulas, por lo cual no se cumplió el Artículo 523 de la Ley de Sustancias Controladas de Puerto Rico.
II
La verdadera controversia ante nosotros gira en tomo al Artículo 523 de la Ley de Sustancias Controladas de Puerto Rico. 24 L.P.R.A. sec. 2523. Como mencionamos an-teriormente, esta disposición ordena que los agentes encu-biertos que participen de transacciones de venta de sustan-cias controladas, acudan ante un fiscal dentro de las siguientes 120 horas para prestar una declaración jurada sobre los hechos pertinentes a la transacción. Con el fin de asegurar el cumplimiento de este mandato —y para prote-ger a los individuos contra falsas acusaciones— el Artículo 523 impide que el Ministerio Público presente como evi-dencia las declaraciones juradas o testimonio de agentes encubiertos durante el encausamiento criminal de los deli-tos al amparo de la citada ley especial, cuando no se haya seguido el requerimiento de dicho Artículo 523. Id. Ese debe ser el resultado, a menos que exista justa causa para prestar la declaración jurada ante un fiscal pasadas las 120 horas desde que ocurrió la transacción. Id.
Concretamente, el recurso ante nosotros requiere que determinemos si las declaraciones juradas que presentó el Estado en la vista preliminar son admisibles en evidencia o deben ser excluidas en virtud del Artículo 523. Nótese que no se cuestiona que, en efecto, los tres agentes encu-biertos que intervinieron en la alegada transacción de sus- *806 tancias controladas se personaron ante el fiscal López Birriel, dentro del término de 120 horas, con el propósito de prestar sus declaraciones juradas. Tampoco se disputa que el fiscal preparó los documentos de las declaraciones jura-das dentro del mismo tiempo. El núcleo de la controversia que atendemos es simplemente si los documentos prepara-dos por el fiscal, y que fueran presentados como evidencia en la vista preliminar, son válidos. Ello ante las alegacio-nes de los peticionarios a los efectos de que las declaracio-nes juradas son nulas en virtud de la Ley Notarial.
A. Los señalamientos de los peticionarios, respecto a la aplicación de la ley notarial al caso de autos, son inmeritorios. En primer lugar, como parte de sus funciones investigativas, la Ley Orgánica del Departamento de Jus-ticia autoriza a los fiscales del Estado a expedir citaciones y tomar declaraciones juradas. Art. 11 de la Ley Núm. 205 de 9 de agosto de 2004 (3 L.P.R.A. sec. 292h). A su vez, la Ley para la Toma y Registro de Declaraciones Juradas y Afirmaciones nombra a los fiscales como uno de los funcio-narios que pueden "autorizar” declaraciones juradas. Ley de 12 de marzo de 1908, según enmendada, 4 L.P.R.A. sec. 890. Por otra parte, en ausencia de una autorización por parte del Secretario de Justicia, a los fiscales les está pro-hibido ejercer la práctica de la notaría. 3 L.P.R.A. sec. 293f; 4 L.P.R.A. sec. 2004.
De manera que cuando los fiscales toman declaraciones juradas durante sus investigaciones, como ocurrió en el presente caso, no están actuando al amparo del poder que otorga la Ley Notarial a los abogados admitidos a la profe-sión de la notaría, sino al amparo de las facultades que poseen los fiscales del Departamento de Justicia en virtud de la ley orgánica de dicha agencia. Por lo tanto, no pode-mos colegir que tales declaraciones están regidas por los postulados contenidos en la Ley Notarial. El asunto no ad-mite otra conclusión.
*807 Ahora bien, ante la ausencia de criterios en la Ley Or-gánica del Departamento de Justicia que establezcan for-malidades para la toma de declaraciones juradas por los fiscales, es preciso consultar la Ley para la Toma y Regis-tro de Declaraciones Juradas y Afirmaciones.(1) Este esta-tuto requiere que las declaraciones juradas se hagan por escrito y sean firmadas por la persona que afirma la vera-cidad de su contenido. 4 L.P.R.A. sec. 883. Así también, exige que los fiscales preparen un registro y un informe mensual sobre las declaraciones juradas que tomen y lo remitan al Secretario de Justicia. 4 L.P.R.A. secs. 892-892a. En la citada ley solo se concibe la nulidad de las declaraciones juradas cuando estas no se incluyen en el registro o el informe mensual. 4 L.P.R.A. sec. 894. Sin embargo, la ley no exige que la declaración contenga la fecha en que se prestó, como tampoco ordena que se incluya la firma del fiscal.
La necesidad de incluir en el documento la fecha en la cual se toma la declaración jurada solo nace de la Orden Administrativa Núm. 85-02, aprobada por el Secretario de Justicia para uniformar cómo los fiscales preparan las de-claraciones juradas mientras implementan la Ley para la Toma y Registro de Declaraciones Juradas y Afirmaciones. Si bien la omisión de dicha información no puede tener el efecto de hacer nulo el documento, ya que no es ese el pro-pósito de la orden administrativa y, mucho menos, de la ley, sigue siendo importante que la misma conste en el cuerpo de la declaración jurada que toma el fiscal. Ello responde a la necesidad de que el documento sea fidedigno. Por lo mismo se requiere la firma del fiscal a cargo de la *808 preparación de la declaración jurada. Tanto la nota del tiempo en que se prestó la declaración, como la firma del fiscal, brindan mayor confiabilidad al escrito. A su vez, au-mentan su valor probatorio, por ejemplo, cuando son re-queridas por el Artículo 523 de la Ley de Sustancias Con-troladas de Puerto Rico. 24 L.P.R.A. see. 2523. Véase discusión infra.
Por lo tanto, resulta forzoso concluir que las declaracio-nes juradas que el Ministerio Público presentó en eviden-cia —dos de las cuales no contenían la firma del fiscal y una tercera que no tenía fecha— no son nulas como resol-vió el Tribunal de Primera Instancia. En vista de la legis-lación aplicable al caso de autos, es evidente que no esta-mos ante un supuesto de nulidad. Los datos omitidos en las declaraciones juradas no acarreaban su exclusión auto-mática como evidencia.
B. Por otra parte, aunque en su Opinión el Tribunal también concluye que las declaraciones juradas que pre-sentó el Estado en la vista preliminar no debieron ser ex-cluidas, allí se expone un razonamiento errado. La falla se hace evidente cuando el Tribunal discute el efecto que ale-gadamente tuvo la evidencia adicional que fuera presen-tada por el Ministerio Público, sobre los defectos identifi-cados en las declaraciones juradas. Veamos.
En primer lugar, el Tribunal señala que aunque las de-claraciones juradas del caso de autos adolecen de defectos, se trata de defectos subsanables que pueden ser rectificados. Acto seguido, dispone que las declaraciones pueden ser admitidas en evidencia porque quedaron “rec-tificadas” y “subsanadas” mediante la presentación del tes-timonio del fiscal López Birriel y las copias certificadas de su Registro e Informe Mensual de Declaraciones Juradas. En otras palabras, el Tribunal estima que la evidencia pre-sentada por el Estado corrige las omisiones de las declara-ciones juradas. No estamos de acuerdo.
*809 El testimonio y las copias certificadas ofrecidos por el Ministerio Público no plasman la firma del fiscal en las declaraciones juradas en las que se omitió. Tampoco pue-den colocar una fecha en un documento que no la tenía. Los defectos señalados no se subsanan con el desfile de evidencia en los tribunales, sino mediante la preparación de documentos formales. Por eso se equivoca el Tribunal al disponer que el Estado “presentó suficiente evidencia para subsanar los defectos señalados”. No hay duda de que la presentación de la evidencia que efectuó el Ministerio Pú-blico era necesaria, mas no por las razones que expone el Tribunal.
En el presente caso, el Estado estaba obligado a presen-tar el testimonio del fiscal López Birriel y las copias certi-ficadas del Registro e Informe Mensual porque los defectos identificados en las declaraciones juradas que se presenta-ron generaron incertidumbre sobre cuándo se tomaron (omisión de la fecha) y quién las tomó (omisión de la firma del fiscal). Adviértase que ambos elementos, es decir, el momento en que se tomaron las declaraciones y la persona que las tomó, deben quedar claramente evidenciados en el tribunal por la exigencia que impone el discutido Artículo 523 de la Ley de Sustancias Controladas de Puerto Rico. Este ordena que las declaraciones se presten ante un fiscal y dentro de un periodo de 120 horas. 24 L.P.R.A. sec. 2523.
De manera que la evidencia que presentó el Estado probó que las declaraciones juradas objeto de controversia habían sido tomadas por el fiscal López Birriel dentro de las 120 horas de haber ocurrido las supuestas transaccio-nes de venta de sustancias controladas. Así establecieron que las declaraciones juradas cumplían con el Artículo 523 y que, por lo tanto, debían ser admitidas en evidencia aun-que tuvieran defectos subsanables. No se trata de rectificar los defectos de las declaraciones mediante la presentación de evidencia adicional, como expone el Tribunal, sino de probar que se satisfizo el mandato del Artículo 523.
*810 III
Por lo antes expuesto, estimo que las declaraciones ju-radas presentadas por el Ministerio Público son admisibles en evidencia, ya que son válidas y se prestaron conforme ordena el Artículo 523 de la Ley de Sustancias Controladas. En este extremo, coincido con el Tribunal en que procede entonces confirmar la determinación del Tribunal de Apelaciones, mediante la cual revocó aquella emi-tida por el Tribunal de Primera Instancia. Empero, ante el razonamiento errado que utiliza el Tribunal, concurro con su resultado.

 El asunto será discutido en respuesta al razonamiento emitido por el Tribunal. Sin embargo, advertimos que los peticionarios no presentaron ninguna alegación sobre posibles formalidades que debieran seguirse en virtud de la Ley para la Toma y Registro de Declaraciones Juradas y Afirmaciones. Ley de 12 de marzo de 1908, según enmendada, 4 L.RR.A. see. 890. Los peticionarios se limitaron a alegar que las declaraciones eran nulas al amparo de las disposiciones de la Ley Notarial de Puerto Rico. 4 L.P.R.A. sec. 2001 et seq.